UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACOB DAVIS,<br><br>            Petitioner,<br><br>    v.<br><br>TYRELL DAVIS,<br><br>            Respondent. | Case No. 1:20-cv-00475-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Jacob Davis has filed a Petition for Writ of Habeas Corpus, challenging his Idaho state court convictions in two separate Payette County cases.[1] *See* Dkt. 3. In Payette County Case No. CR-2014-2145, Petitioner was convicted of one count of failure to register as a sex offender. In Payette County Case No. CR-2014-2249, Petitioner was convicted of two counts of lewd conduct with a minor under the age of sixteen, two counts of sexual battery of a minor child sixteen or seventeen years of age, and one count of sexual exploitation of a child. *Id*. at 1–2.

The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] The Advisory Committee Notes to Rule 2(e) of the Rules Governing Section 2254 Cases state that Rule 2(e) "permits, but does not require, an attack in a single petition on judgments based upon separate indictments or on separate counts ... [in] the same court." The Court will permit the parties to brief the question of whether this Court should sever one of the two challenged convictions into a separate habeas corpus case, or instead should allow this single case to proceed as a challenge to both convictions.

INITIAL REVIEW ORDER - 1

**1.     Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Based on the facts asserted in the Petition and Petitioner's Memorandum in Support of the Petition, Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable in a federal habeas corpus action,[2] (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent.

---

[2] For example, Petitioner's freestanding claims of actual innocence are not cognizable—meaning they cannot be heard—in this non-capital habeas case. *Stephenson v. Blades*, No. 1:13-cv-00285-BLW, 2014 WL 3509448, at *7 (D. Idaho July 14, 2014) (unpublished); *see Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact."). However, an assertion of actual innocence, although "not itself a constitutional claim," can serve as a "gateway through which a habeas petitioner [may] pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404. Therefore, to the extent the Petition asserts actual innocence as independent constitutional claims, those claims will be dismissed.

**2.    Motion to Stay or Abey**

Petitioner has filed a Motion to Stay or Abey these proceedings while he exhausts his claims in state court. The Court will defer ruling on this Motion until Respondent has had an opportunity to respond to it.

**3.    Motion to Take Judicial Notice**

Petitioner has also filed a Motion to Take Judicial Notice, *see* Dkt. 4, which will be denied as premature. Given that Petitioner is still litigating his habeas claims in state court and has requested a stay of these proceedings, Respondent will not be required to provide the Court with the relevant state court records until ordered to do so. Respondent may, of course, choose to lodge those records with the Court at any time prior to such an order.

**4.    Application to Proceed in Forma Pauperis**

Petitioner has requested in forma pauperis status. Good cause appearing, Petitioner's Application will be granted, which allows Petitioner to pay the filing fee when and as Petitioner can afford to do so, rather than at the time of filing. Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

**5.    Request for Appointment of Counsel**

Petitioner has also requested appointment of counsel. There is no constitutional right to counsel in a federal habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755–56 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court

may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

No evidentiary hearing has been ordered at this point. Also, the Court concludes that, based on the evidence currently in the record (Dkt. 3), it will be unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, the Court will deny the request for appointment of counsel without prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3. Petitioner's Motion to Take Judicial Notice (Dkt. 4) is DENIED as premature. Respondent need not lodge relevant portions of the state court record until instructed to do so by the Court.

4. All freestanding claims of actual innocence raised in the Petition are DISMISSED with prejudice as noncognizable.

5. The Clerk of Court will serve (via ECF) (1) a copy of the Petition, along with any attachments (Dkt. 3), (2) a copy of the Motion to Stay or Abey (Dkt. 8), and (3) a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

6. Within 21 days after service of the Petition, Respondent may file a response to Petitioner's Motion to Stay or Abey (Dkt. 8). Petitioner has the option of filing a reply in support of the Motion no later than 14 days after service of the response.

7. In their briefing on the Motion to Stay or Abey, the parties should also address whether this case ought to proceed as a single action, challenging both of Petitioner's convictions, or instead ought to be severed into separate cases.

8. Respondent need not respond to the Petition itself, either by answer or by pre-answer motion, until instructed to do so by the Court.

DATED: January 27, 2021

Honorable Candy W. Dale
United States Magistrate Judge

INITIAL REVIEW ORDER - 5