UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACOB DAVIS,<br><br>            Petitioner,<br><br>v.<br><br>TYRELL DAVIS,<br><br>            Respondent. | Case No. 1:20-cv-00475-CWD<br><br>**MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho prisoner Jacob Davis ("Petitioner" or "Davis"), challenging Petitioner's state court convictions. Dkt. 47. Respondent has filed a Motion for Partial Summary Dismissal, arguing that all of Petitioner's claims, with the exception of one portion of Claim 9, are procedurally defaulted. Dkt. 49. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 14, 18, 31; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Dkt. 10. Having thoroughly reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's

motion and dismissing all claims with prejudice except for the portion of Claim 9 that alleges ineffective assistance of trial counsel for failure to use certain evidence in police files.

## BACKGROUND

The following facts underlying Petitioner's convictions are set forth in *State v. Davis*, Docket Nos. 43818, 43819, 44105, and 44106, Op. 450 (Idaho Ct. App. 2017) (unpublished), which is contained in the record at State's Lodging B-10:

> Davis was required to register as a sex offender based on prior convictions. When an individual came forward with allegations of theft against Davis, officers became aware that Davis was residing somewhere other than the address where he was registered. Officers were also informed by the same individual that Davis was living with two teenaged boys. After officers conducted interviews with these boys, as well as other witnesses, it was discovered that Davis was sexually involved with the boys. Further investigation revealed that Davis was in possession of sexually exploitative materials.

State's Lodging B-10 at 2.

In a jury trial in the Third Judicial District Court in Payette County, Idaho, Petitioner was convicted of failing to notify the sex offender registry of the change in Petitioner's address (the "registration case"). *State's Lodging B-10* at 2. In a separate jury trial, Petitioner was convicted of two counts of lewd conduct with a child, two counts of sexual battery of a minor, and one count of possession of sexually exploitative materials (the "sexual misconduct case"). *Id.*

After a combined sentencing hearing, the trial court imposed a unified sentence of 35 years in prison with 15 years fixed for each lewd conduct and sexual battery

conviction and a fixed sentence of 15 years for the possession conviction, to be served consecutively. The trial court also imposed a unified sentence of 45 years in prison with 20 years fixed for the failure-to-notify conviction, to be served concurrently with his convictions in the sexual misconduct case. *Id*. at 3.

Petitioner filed a motion for a new trial, as well as a motion for reduction of sentence under Idaho Criminal Rule 35. The trial court denied both motions. *State's Lodging A-3* at 645–56, 736–37, 745–48; *A-4* at 9–13.

In a consolidated direct appeal, the Idaho Court of Appeals affirmed Petitioner's convictions and sentences in both the sexual misconduct case and the registration case. *State's Lodging B-10*. The Idaho Supreme Court denied review. *State's Lodging B-16*.

Petitioner later filed a second motion for a new trial, which was denied. The denial was affirmed by the Idaho Supreme Court. *State's Lodging D-7*. Petitioner also pursued state post-conviction relief. His initial post-conviction petition was dismissed, the Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging F-4; F-7*. Petitioner later filed a successive state post-conviction petition, which was also dismissed. Petitioner initially appealed but later voluntarily dismissal that appeal. *State's Lodging H-1; H-2*.

While Petitioner's state court proceedings were still pending, he filed the initial Petition in this case. The Court later stayed the case, but lifted the stay once Petitioner's state court proceedings were completed. Dkt. 17, 21. The Court later granted Petitioner leave to amend and ordered the filing of the Amended Petition. Dkt. 46.

The claims in Petitioner's Amended Petition are difficult to construe. The claims cite many constitutional provisions, some of which do not apply to the factual assertions contained in the claims. Further, many of the claims assert both substantive constitutional violations and argue that cause exists to excuse the default of the claims. Mindful of Petitioner's pro se status, the Court has liberally construed Petitioner's claims in the broadest manner possible.

Though Petitioner attempts to incorporate an earlier memorandum in support of the initial petition, however, *see* Dkt. 47 at 23, the Court declines to consider that memorandum. Under Rule 2(c) of the Rules Governing § 2254 Cases ("Habeas Rules") a habeas petition must "specify all the grounds for relief available to petitioner" and must "state the facts supporting each ground." That is, a habeas petitioner must include—in the petition *itself*—"all of the information necessary to adjudicate that Petition." *Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished).

Moreover, throughout Petitioner's Amended Petition, he alleges that his post-conviction counsel rendered ineffective assistance. But ineffective assistance of post-conviction counsel is not an independent constitutional claim. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Thus, the Court will address those allegations below, but only in the context of whether such ineffective assistance excuses the procedural default of certain claims.

Having carefully reviewed the Amended Petition, the Court construes it as asserting the following claims.

MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL - 4

Claims 1 through 4 appear to assert that insufficient evidence supports Petitioner's convictions, and that trial counsel was ineffective in presenting evidence or in failing to contradict the state's evidence. *Am. Pet.*, Dkt. 47, at 10–13.

Claim 5 alleges that the state engaged in vindictive prosecution, that Petitioner's speedy trial rights were violated, and that trial counsel was ineffective for not raising these issues. *Id.* at 13–16.

Claim 6 asserts due process violations based on the prosecution's alleged presentation of—or failure to correct—false evidence. Petitioner also asserts an ineffective assistance claim that counsel failed to preserve this due process claim for review. *Id.* at 16–19.

Claim 7 asserts that the prosecutor's closing statement violated Petitioner's right to due process in various ways and that trial counsel rendered ineffective assistance in failing to preserve the claim. *Id.* at 19–20.

Claim 8 appears to assert that the prosecutor committed misconduct, in violation of due process, by permitting the introduction of inadmissible evidence. This claim centers on the testimony giving rise to Petitioner's motion for mistrial—a witness testified that the police contacted the witness to discuss sex offender registration—which was denied by the trial court. *Id.* at 20.

Claim 9 asserts that Petitioner's trial counsel rendered ineffective assistance in numerous ways. *Id.* at 20–21.

Finally, Claim 10 asserts cumulative error in violation of due process. *Id.* at 22.

Respondent argues that most of Petitioner's claims are procedurally defaulted, the only exception being the portion of Claim 9 that asserts ineffective assistance of trial counsel for failing to use certain information contained in police files. *See generally* Dkt. 49-1.

## DISCUSSION

**1.     Petitioner's Request for an Evidentiary Hearing**

In his opposition to the Motion for Partial Summary Dismissal, Petitioner contends the Court should hold an evidentiary hearing. Petitioner asserts he is entitled to present evidence on the merits of his claims, which he insists are "fact-bound." Dkt. 54 at 6. However, the Court is not addressing the merits of Petitioner's claims at this time. Rather, it must address the threshold, procedural question of whether Petitioner fairly presented his claims to the state courts and, if he did not, if that failure should be excused. Therefore, the Court will deny Petitioner's request for an evidentiary hearing.

The Court now turns to Respondent's Motion for Summary Dismissal.

**2.     Standard of Law Governing Summary Dismissal**

A federal district court is authorized to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

### 3. With the Exception of a Portion of Claim 9, Petitioner's Claims Are Subject to Summary Dismissal

For the reasons that follow, all claims other than one portion of Claim 9 must be dismissed as procedurally defaulted without excuse.

#### A. *Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

Raising a claim "for the first and only time in a procedural context in which its merits will not be considered" except in rare circumstances does not constitute fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In addition, presenting a state law claim does not properly exhaust a federal claim, even if the state and federal claims are similar. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam).

General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Claims are procedurally defaulted in the following situations: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

If the state court applied an adequate and independent procedural bar, then the federal claim is procedurally defaulted, even if a petitioner asserts that the application of the procedural bar was erroneous under state law. Federal courts lack the authority to second-guess a state court's application of its own procedural rules in a particular case. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack jurisdiction … to review state court applications of state procedural rules."); *Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015) ("[A] federal habeas court is not the proper body to adjudicate whether a state court correctly interpreted its own procedural rules, even if they are the basis for a procedural default.").

"[W]here a state court expressly invokes a procedural bar, the claim is defaulted, even [if] the state court goes on to discuss the merits of the claim." *Apelt v. Ryan*, 878 F.3d 800, 825 (9th Cir. 2017). That is, when a state court has relied on an adequate and independent ground to find a claim procedurally barred, that court "need not fear reaching the merits of a federal claim in an alternative holding." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (emphasis omitted). A state court's "double-barrel[ed]" decision is "entitled to deferential review by federal courts" as to "both its procedural default ruling and its merits ruling." *Apelt*, 878 F.3d at 825.

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by

MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL - 9

asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

### B.     All Claims Except Part of Claim 9 Are Procedurally Defaulted

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in Petitioner's four state court appellate proceedings and compare them to the subject matter of the claims as presented in the Amended Petition in this case.

#### i.     Direct Appeal

On direct appeal from his convictions, Petitioner argued that the trial court erred by denying Petitioner's motion for a mistrial after a witness testified—in the sexual misconduct case, not the registration case—that the police contacted the witness to discuss sex offender registration. He also argued that the trial court abused its discretion in sentencing. *State's Lodging B-7* at 12.

Both of these claims were based on state law. Although the mistrial claim cited the challenged testimony and contended that the prosecutor committed misconduct, Petitioner claimed that the district court erred by denying the mistrial under Idaho Criminal Rule 29.1. *See id.* at 13. Petitioner did not assert an independent claim of prosecutorial misconduct—only trial court error. Moreover, Petitioner relied only on state

law cases regarding prosecutorial misconduct; he did not cite the Due Process Clause or any other constitutional basis for his mistrial claim.

Because Petitioner did not raise any federal claims on direct appeal, that proceeding did not serve to fairly present any of his instant habeas claims to the state courts.

    ii.  <u>Appeal from Denial of Second Motion for New Trial</u>

On appeal from the denial of his second motion for a new trial, Petitioner argued that the police located allegedly exculpatory photos on the victims' Facebook accounts, but failed to prevent the victims from deleting the content before Petitioner could review it. Petitioner claimed that the photos "would have undermined the state's argument that [Petitioner] had created sexually exploitative material." *State's Lodging D-2* at 1.

In support of his failure-to-preserve-evidence claim, Petitioner cited *Arizona v. Youngblood*, 488 U.S. 51 (1988). *Id*. at 11. In *Youngblood*, the Supreme Court of the United States held that the state's failure to preserve evidence in a criminal prosecution violates due process only if the police acted in bad faith. *Id*. at 58 ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."). In his opening appellate brief, Petitioner also referred to *State v. Drapeau*, 551 P.2d 972, 978 (Idaho 1976), which sets for the standards for a new trial based on newly discovered evidence under Idaho law. Petitioner claimed that the trial court, which had applied the *Drapeau* standard in denying Petitioner's motion, should instead have used the *Youngblood* standard. *State's Lodging D-2* at 12–19.

MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL - 11

The Idaho Supreme Court held that, based on the way Petitioner initially presented the newly discovered evidence claim, the trial court did not err by using the *Drapeau* standard. *State's Lodging D-7* at 4–6. However, the court then went on to address the merits of Petitioner's claim under *Youngblood*, holding that the claim failed because there was no evidence that the alleged photos ever existed, much less what they depicted. *Id.* at 6–10.

Thus, if Petitioner had raised a *Youngblood* claim in his Amended Petition, it would have been fairly presented to the state courts. However, the Amended Petition contains no such claim. *See* Dkt. 47. Because the only claim presented on appeal from the denial of Petitioner's new trial motion is not raised in the Amended Petition, that proceeding did not serve to properly exhaust any of Petitioner's habeas claims.

### iii. Appeal from Dismissal of Initial Post-Conviction Petition

After the state district court dismissed Petitioner's initial post-conviction petition, he argued on appeal that the lower court had erred, under Idaho state law, by too strictly construing Petitioner's claims and supporting documents. *State's Lodging F-1* at 9–15; *see also State's Lodging F-4* at 4, 9. None of these claims was presented as a federal constitutional violation, however. The law is clear that "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), such as claims of error during state post-conviction proceedings, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam). Thus, to the extent Petitioner raises any of these claims here, which is not entirely clear, the Court is without authority to consider them.

In addition to these state law claims, Petitioner did assert two federal claims on appeal from the dismissal of his initial post-conviction petition. First, he argued that the lower post-conviction court incorrectly failed to address a claim, under *Brady v. Maryland*, 373 U.S. 83 (1963), that the state withheld certain favorable evidence from the defense. This information was contained in police files—specifically, audio recordings, investigators' notes, social media postings, and reports of an electronic forensic examiner. *Id*. at 4–5, 16–18. Second, and in the alternative, he argued that if the State did not withhold the evidence, then trial counsel was ineffective for failing to use it. *Id*. at 4–5, 18–19.

The Idaho Court of Appeals affirmed the dismissal of the post-conviction petition. Addressing Petitioner's *Brady* claim, the court first held that Petitioner had failed to preserve the claim in the lower court. *State's Lodging F-4* at 10. Petitioner had cited *Brady* in the lower court, but he did not raise the argument in response to the state's motion for summary dismissal of the post-conviction petition. The appellate court cited *State v. Fodge*, 824 P.2d 123, 126 (Idaho 1992), for the proposition that "generally, issues not raised below may not be considered for the first time on appeal." *State's Lodging F-4* at 10.

The Court has already held that the Idaho courts' preservation rule is adequate and independent. *Nelson v. Blades*, No. CV 04-001-S-LMB, 2009 WL 790172, at *8 (D.

Idaho Mar. 23, 2009). Therefore, to the extent the Amended Petition includes a *Brady* claim, which is unclear, any such claim is procedurally defaulted.[1]

As for Petitioner's ineffective assistance claim, the Idaho Court of Appeals denied the claim on the merits. The court held that Petitioner had not presented a prima facie case that trial counsel performed deficiently in failing to use the evidence. *State's Lodging F-4* at 11. As a result, this claim—which *is* included in the Amended Petition as part of Claim 9, *see* Dkt. 47 at 21—is not procedurally defaulted.

In sum, in his initial post-conviction appeal, Petitioner fairly presented a single claim: the portion of Claim 9 asserting ineffective assistance for failing to use the evidence from the police files.

        iv.      <u>Appeal from Dismissal of Successive Post-Conviction Petition</u>

Although Petitioner filed an appeal from the dismissal of his successive post-conviction, he later voluntarily dismissed the appeal. *State's Lodging H-1; H-2*. Therefore, Petitioner did not fairly present any of his habeas claims to the state courts during his successive post-conviction appeal.

    C.    *Petitioner Has Not Establish an Excuse for the Default*

For the reasons set forth above, the only one of Petitioner's instant habeas claims that was fairly presented to the state courts is the Claim 9 sub-claim that trial counsel

---

[1] The fact that the Idaho Court of Appeals went on to hold, in the alternative, that Petitioner's *Brady* claim failed on the merits, *see State's Lodging F-4* at 10–11), does not render the procedural rule inadequate to bar federal review. *See Harris*, 489 U.S. at 264 n.10; *Apelt v. Ryan*, 878 F.3d at 825.

failed to utilize certain evidence. All other claims contained in the Amended Petition are procedurally defaulted.

However, that conclusion does not end the inquiry. If a petitioner's claim is procedurally defaulted, a federal district court still can hear the merits of the claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a fundamental miscarriage of justice, which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 488, 496 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

### i.     Petitioner Has Not Established Cause and Prejudice

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of counsel ("IAC") may constitute cause for a default. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will

suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule on procedural default is that any errors of post-conviction counsel *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752.

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a narrow exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at

initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

However, although *Martinez v. Ryan* can excuse procedural default and permit a petitioner to *raise* an IAC claim in federal habeas, it does not permit factual development outside the state court record to *prove* that IAC claim. Instead, claims that can be raised under *Martinez* remain subject to 28 U.S.C. § 2254(e)(2), which generally does not permit new evidence in federal habeas proceedings unless petitioner shows actual innocence and the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (U.S. May 23, 2022).

Petitioner alleges that his post-conviction counsel rendered ineffective assistance, but he does not expressly argue that any particular claim is excused from default based on that alleged ineffective assistance. The Court has independently reviewed the state court record and concludes it is devoid of any evidence showing that Petitioner's post-conviction counsel performed deficiently in the initial post-conviction proceeding. For this reason, the cause-and-prejudice exception does not apply to excuse Petitioner's default.

### ii.     Petitioner Has Not Established Actual Innocence

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Indeed, cases where the actual innocence gateway standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Such evidence may include new DNA evidence, or "a detailed third-party confession," that "undermine[s] the validity of the prosecution's

MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL - 18

entire case." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002); *see House*, 547 U.S. at 540–41. The actual innocence exception is not satisfied by evidence that is merely speculative, collateral, cumulative, or "insufficient to overcome otherwise convincing proof of guilt." *Larsen*, 742 F.3d at 1096.

Petitioner has submitted no new, reliable evidence that he is actually innocent. Therefore, he is not entitled to application of the fundamental miscarriage-of-justice exception to procedural default.

## CONCLUSION

All of Petitioner's instant habeas claims, with the exception of one portion of Claim 9, described above, are procedurally defaulted without excuse. Accordingly, those claims must be dismissed.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 55) is GRANTED, and Respondent's Reply in Support of the Motion for Partial Summary Dismissal is deemed timely.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 49) is GRANTED. All claims other than one part of Claim 9, as described above, are DISMISSED with prejudice.

3. Respondent must file an answer to the remaining claim within 60 days after entry of this Order. Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be

filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: March 20, 2024

_____
Honorable Candy W. Dale
U.S. Magistrate Judge